J-S03039-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| DUANE L. ELIAM | : | |
| | : | No. 1712 EDA 2016 |
| Appellant | | |

Appeal from the PCRA Order May 6, 2016
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0636012-1990

BEFORE:   BENDER, P.J.E., PANELLA, J., and STEVENS*, P.J.E.

MEMORANDUM BY STEVENS, P.J.E.:                **FILED FEBRUARY 09, 2018**

Appellant Duane L. Eliam appeals *pro se* from the Order entered in the Court of Common Pleas of Philadelphia County on May 6, 2016, denying as untimely his petition filed pursuant to the Post Conviction Relief Act.[1]  We affirm.

The PCRA court set forth the relevant background and procedural history herein as follows:

> On November 6, 1991, following a non-jury trial before Judge Lisa A. Richette, [Appellant] was adjudicated guilty of murder of the first degree and possessing an instrument of crime. Sentencing was deferred pending the filing of post-verdict motions and pre–sentencing evaluations. On June 8, 1993, [Appellant's] post-verdict motions were denied; [Appellant] received a mandatory sentence of life imprisonment on the murder-of-the-first-degree charge and a concurrent sentence of two and one-half (2½) to five (5) years of imprisonment on the charge of

_____

[1] 42 Pa.C.S.A. §§ 9541-9546.

_____

possessing an instrument of crime. At trial, [Appellant] was represented by Daniel Greene, Esquire.

On June 8, 1993, [Appellant] filed a Notice of Appeal, and on May 11, 1994, the Pennsylvania Superior Court affirmed [Appellant's] judgments of sentence. On July 7, 1995, [Appellant's] petition for allowance of appeal was denied by the Pennsylvania Supreme Court.

On August 6, 2012, [Appellant] filed a petition pursuant to the Post Conviction Relief Act, 42 Pa.C.S. § 9541 et seq.[1] [Appellant] subsequently received court-appointed counsel who filed a No-Merit Letter pursuant to **Commonwealth v. Finley**, 379 Pa. Super. 390, 550 A.2d 213 (1988) (*en banc*) (establishing the procedure for withdrawal of court-appointed counsel from representing a petitioner on collateral review). On May 6, 2016, after conducting a review of the record, evidence, and argument of counsel, the PCRA court denied [Appellant's] Petition as meritless and permitted counsel to withdraw representation.[2]

On May 27, 2016, [Appellant] filed a *pro se* Notice of Appeal. [Appellant] also filed, *sua sponte*, a Concise Statement of Matters Complained of on Appeal Pursuant to Pa.R.A.P. § 1925(b), in which he raised the claims of his trial counsel's ineffectiveness and averred that he was eligible for relief under **Montgomery v. Louisiana**, 136 S. Ct. 718, 193 L. Ed. 2d 599 (2016), *as revised* (Jan. 27, 2016).[2]

_____

[1][Appellant's] criminal docket reflects that he filed a PCRA Petition on January 21, 1995, ahead of receiving the Pennsylvania Supreme Court's decision on his petition for allowance of appeal;

_____

[2] In **Montgomery**, the Supreme Court declared its prior holding in **Miller v. Alabama**, ___ U.S. ____, 132 S.Ct. 2455, 183 L.Ed. 2d. 407 (2012) is a substantive rule of constitutional law to which state collateral review courts were required as a constitutional matter to give retroactive effect. **Montgomery v. Louisiana**, ___ U.S. ____, ____, 136 S.Ct. 718, 736, 193 L.Ed.2d 599, ___ (filed January 25, 2016, as revised on January 27, 2016). In **Miller**, the Supreme Court had held that "mandatory life without parole for those under the age of 18 at the time of their crimes violated the Eighth Amendment's prohibition on cruel and unusual punishment." **Miller**, 132 S.Ct. at 2460.

his PCRA Petition was, therefore, dismissed without prejudice as premature on January 23, 1995.
[2]The dismissal occurred more than twenty days after [Appellant] was served with notice of the forthcoming dismissal of his PCRA petition. Pa.R.Crim.P. 907.

Trial Court Opinion, filed 12/27/16, at 1-2.

In his brief, Appellant presents the following two (2) issues for our review:[3]

I.      Whether [ ] Appellant deserved relief based on the diminished culpability of his adolescent mind, as defined and provided in Roper, Miller and [indecipherable] at 18 years old?

II.     Whether counsels [sic] ineffectiveness warrants a Lafler violation.

Brief for Appellant at 1 (unnumbered).

When reviewing the propriety of an order denying PCRA relief, this Court is limited to a determination of whether the evidence of record supports the PCRA court's conclusions and whether its ruling is free of legal error. **Commonwealth v. Robinson**, 635 Pa. 592, 603, 139 A.3d 178, 185 (2016). This Court will not disturb the PCRA court's findings unless there is no support for them in the certified record. **Commonwealth v. Lippert**, 85 A.3d 1095, 1100 (Pa.Super. 2014).

---

[3] Appellant fails to include a statement of the questions involved segment in his appellate brief as is required under Pa.R.A.P. 2111(a)(4) and, rather, includes these handwritten claims as subparts of the argument portion thereof.

At the outset, we consider whether this appeal is properly before us. The question of whether a petition is timely raises a question of law, and where a petitioner raises questions of law, our standard of review is *de novo* and our scope of review is plenary. **Commonwealth v. Callahan**, 101 A.3d 118, 121 (Pa.Super. 2014).

All PCRA petitions must be filed within one year of the date upon which the judgment of sentence became final, unless one of the statutory exceptions set forth in 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii) applies. The petitioner bears the burden of pleading and proving an applicable statutory exception. If the petition is untimely and the petitioner has not pled and proven an exception, the petition must be dismissed without a hearing because Pennsylvania courts are without jurisdiction to consider the merits of the petition. **Commonwealth v. Taylor**, 65 A.3d 462, 468 (Pa.Super. 2013).

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii) states:

**(b) Time for filing petition.--**

(1)    Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment of sentence becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States:

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme court of the United States or the

> Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1). In addition, any petition attempting to invoke one of these exceptions "shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2).

Herein, this Court affirmed Appellant's judgment of sentence on May 11, 1994. *Commonwealth v. Eliam*, 647 A.2d 262 (Pa.Super. 1994). The Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal on July 7, 1995. *Commonwealth v. Eliam*, 541 Pa. 634, 663 A.2d 686 (Pa. 1994). Thus, Appellant's judgment of sentence became final ninety days thereafter on or about October 9, 1995, at which time Appellant's time for filing a petition for writ of *certiorari* with the United States Supreme Court expired.[4] *See* 42 Pa.C.S.A. § 9545(b)(3) ("a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania or at the expiration of time for seeking the review"); *see also* U.S. Sup.Ct.R. 13.1. A timely petition had to be filed by October 9, 1996; therefore, the instant PCRA petition filed on August 6, 2012, is patently untimely, and the burden fell upon Appellant to plead and prove that one of the enumerated exceptions to the one-year time-bar applied to his case. *See* 42 Pa.C.S.A. § 9545(b)(1); *Commonwealth v. Perrin*, 947 A.2d 1284, 1286 (Pa.Super. 2008) (to invoke

---

[4] October 7, 1995, was a Saturday.

- 5 -

a statutory exception to the PCRA time-bar, a petitioner must properly plead and prove all required elements of the exception).

In this vein, Appellant first purports to invoke the "newly recognized constitutional right" exception to the time-bar and contends he is entitled to relief as he is serving an illegal sentence under **Montgomery**. In a disjointed and at times unintelligible argument, Appellant maintains his first issue presents a "matter of first impression giving [t]his Honorable Court jurisdiction [t]hrough its enheritant [sic] power for pure question of law." Brief for Appellant at 8 (unnumbered). He further reasons that the United States Supreme Court's decisions in "Miller, Roper & Graham force[] states to prepare themselves for numerous variation[s] of juvenile issues founded on the same principle" in light of the fact that "there are literally ([t]housands) of convicted 18 year old's [sic] in the Pennsylvania prison system. **Id**. a 10 (unnumbered).[5]

Appellant's assertions fail to satisfy the requirements necessary for invoking the newly-recognized constitutional right exception pursuant to

---

[5] Appellant apparently is referencing **Graham v. Florida**, 560 U.S. 48, 130 S.Ct. 2011, 176 L.Ed.2d 825 (2010), wherein the United States Supreme Court held that the imposition of a sentence of life imprisonment without the possibility of parole on juvenile non-homicide offenders violated the Eighth Amendment and **Roper v. Simmons**, 543 U.S. 551, 125 S.Ct. 1183, 161 L.Ed.2d 1 (2005) wherein the Supreme Court held that the execution of individuals who were under eighteen years of age at the time of their capital crimes is prohibited by the Eighth Amendment applicable to the states through the Fourteenth Amendment to the United States Constitution.

section 9545(b)(1)(iii), as **Miller** itself precludes this Court from granting him relief under the PCRA. As stated previously, the **Miller** holding pertains only to juveniles who were under eighteen years of age when they were sentenced to life imprisonment without parole for committing the crime of murder. As Appellant acknowledged in his PCRA petition, he was "born on December 5, 1971[,]" and "[t]he crime for which he was convicted [ ] occurred 69 days past his eighteenth birthday." **See** Post Conviction Relief Act Petition, filed August 6, 2012, at ¶ 3. Therefore, the holding in **Miller** does not create a newly recognized constitutional right that can serve as the basis for relief for Appellant. **See** 42 Pa.C.S.A. § 9545(b)(1)(iii); **Miller, supra** ____ U.S. at _____, 132 S.Ct. at 2460. **See also Commonwealth v. Furgess**, 149 A.3d 90, 94 (Pa.Super. 2016) (holding the rule rendering life imprisonment sentences imposed on juveniles unconstitutional did not apply to a defendant who was admittedly nineteen years of age at time of the offenses); **Commonwealth v. Cintora**, 69 A.3d 759 (Pa.Super. 2013), *appeal denied*, 622 Pa. 764, 81 A.3d 75 (2013) (holding petitioner's argument that **Miller** should be extended to include defendants who were over the age of eighteen and whose brains were immature at the time of their offenses did not render his PCRA petition timely pursuant to the newly-recognized constitutional right exception to the PCRA time-bar).

Next, Appellant argues trial counsel's ineffectiveness "warrants a Lafler Violation."[6]  Brief for Appellant at 10 (unnumbered).  Appellant posits plea counsel failed to apprise him of "the consequences of First Degree Homicide [] [i]nstead misinforming, [a]nd misleading that a reasonable sentence could be imposed, even after a conviction of First Degree Homicide" and states he was under the mistaken belief his co-defendant was going to testify on his behalf.  *Id*. at 15-16 (unnumbered).  Appellant further maintains he filed the instant PCRA petition within sixty days of when this claim might have been asserted, and in doing do attaches an affidavit dated April 14, 2016, purportedly completed by his co-defendant Vincent Davis stating neither committed the murder. *Id*. at 11 (unnumberecd).  It is noteworthy that the affidavit is not notarized and no signature of Vincent Davis appears thereon.  *See* Brief for Appellant at "Appendix (B)"

At the outset, we note that Appellant did not raise an ineffectiveness of counsel challenge or reference an affidavit in his PCRA petition, and instead discusses them for the first time in his statement of matters complained of on appeal.  *See* "1925(B) Concise Statement of Matters Complained of on Appeal" filed 5/23/16, at 1 (unnumbered).  Pa.R.A.P. 302(a) provides that

---

[6] In *Lafler v. Cooper*, 566 U.S. 156, 132 S.Ct. 1376, 182 L.Ed. 2d 398 (2012), the United States Supreme Court held a defendant's Sixth Amendment right to counsel requires effective assistance of counsel at all crucial stages of a criminal proceeding and extends to the plea-bargaining process. *Id*. at 1384-85.

"[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal."

Even if Appellant properly had raised these claims below, they would afford him no relief, for "it is well-settled that allegations of ineffective assistance of counsel will not overcome the jurisdictional timeliness requirements of the PCRA." ***Commonwealth v. Wharton***, 584 Pa. 576, 588, 886 A.2d 1120, 1127 (2005); ***see also Commonwealth v. Fowler***, 930 A.2d 586, 591 (Pa.Super. 2007), appeal denied, 596 Pa. 715, 944 A.2d 756 (2008) (allegations of counsel's ineffectiveness will not overcome the jurisdictional timeliness requirements of the PCRA). Moreover, this Court emphasized in ***Commonwealth v. Feliciano***, 69 A.3d 1270, 1277 (Pa.Super. 2013) that ***Lafler*** did not create a new constitutional right. We specifically stated in ***Commonwealth v. Hernandez***, 79 A.3d 649, 654 (Pa.Super. 2013) that neither ***Lafler*** nor its companion case ***Missouri v. Frye***, 132 S.Ct. 1399, 182 L.Ed.2d 379 (2012) established a newly-recognized constitutional right that would provide an appellant with an exception to the PCRA timeliness requirements. Moreover, aside from his bald allegations, Appellant makes no effort in his appellate brief to explain pursuant to 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii) how the facts upon which his ineffectiveness claim is predicated and the information contained in the purported affidavit were unknown to him and could not have been ascertained by the exercise of due diligence.

As Appellant has failed to plead and prove one of the aforementioned exceptions to the PCRA time-bar, the courts of this Commonwealth are without jurisdiction to offer Appellant any form of relief. ***Commonwealth v. Jackson***, 30 A.3d 516, 523 (Pa.Super. 2011), *appeal denied*, 616 Pa. 634, 47 A.3d 845 (2012). Accordingly, the PCRA court properly denied Appellant's patently untimely PCRA petition without a hearing.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/9/18